IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-79,005-01, -02, -03, -04, -05, -06, -07 & -08






EX PARTE BRANDON HUTCHISON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. D-1-DC-09-301217, D-1-DC-09-301218, D-1-DC-09-301219, 

D-1-DC-09-301220, D-1-DC-09-301221, D-1-DC-09-301222, 

D-1-DC-09-301223 & D-1-DC-09-301224 

IN THE 147TH DISTRICT COURT

FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of eight counts
of aggravated assault and sentenced to imprisonment for two terms of twenty years, one term of ten
years, one term of seven years, two terms of four years, and two terms of two years. He did not
appeal his convictions.

 Applicant contends, among other things, that trial counsel failed to conduct an investigation
and review videos of the offenses. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. In his response, counsel shall describe his
investigation of Applicant's cases and state whether videos of the offenses were available and he
reviewed him. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 13, 2013

Do not publish